Judge Robertson
delivered the opinion of the Court.
This is a suit in chancery by some of the heirs of Joseph Hall, sr. against the other heirs, to set aside a will of said Joseph, which had been admitted to record on the testimony of one of the subscribing witnesses, and alsq for partition and distribution of the estate.
There were two subscribing witnesses to the will, one of whom was dead before it was offered for probate. ,
*510 By the will as it read, when proved in the county court, 50 of the 200 acres of land owned by the testator, were devised to James Hall; the residuary 150 acres were devised to the widow ior life, remainder to James Hall.
The bill charges that if the will were ever executed by Joseph Hall, it had been altered after his publication of it, and without his consent, by erasing a devise of tiie remainder in the 1 oO acres, to all the children except James, and by interpolating a devise of it to him.
It also charges that Joseph Hall, jr. one of the sons of the testator, had received from his lather, before his death, a large sum of money on deposit for safe Jreeping, and that William Hali had qualified and was acting as administrator, “cum testamento,” and had taken into ids possession the assets. It prays that the will be set aside; that Juseph Hall and the administrator be compelled to account, and that the estate be divided and distributed according to law.
James and Joseph Hall, in their answers, deny that there had been any alteration in the will. Joseph denies that he ever received from his father any money on deposit; but admits that his father had given to him $90, about two years before his death, and that his mother, after his father’s death, loaned to him $50; James insists that the will was just and was, so far as he was interested in it, only wuat his father had promised and declared frequently,before he made it. He says that some years before his father’s death, he was infirm and helpless, and had prevailed on him (James) to live with him, and promised, in consideration of his supporting him and his wife, during their lives, that he should Have the land.
William’s answer denies fraud, and states that he had faithfully administered.
A jury, sworn to try the issue, of “will or no will,” returned a verdict that the paper in contest was not the will of Joseph Hall, sr.
The court decreed the nullification of the will, and' directed a partition of the 150 acres of land among all the heirs, excepting James, and a distribution of *511 the personal fund among all, without any exception. It also decreed that Joseph Hall should pay to Wm. Hall, as administrator, $202 SO cents with interest from the l&ih of November, 1815; and that William Hall should account for the amount decreed to him from Joseph Hall, and the amount of the sales of the personal estate of the testator, with interest on this latter amount, from 12 months after the sale; and also for $37 45 cents, slated in the decree to have been received by William from Joseph Hall, but of which the only intimation in the record is the decree. The whole amount, thus decreed against William Hall, is $698 45 cents.
Proof of will, b.y ,°™e sub_ ñess'Ts’suffi-cient to ad-wit it to re^cj,'e hires' attestation by witnesses, >'etflu;Mbat did attest it, may be proved one'
To reverse this decree, this writ of error is prosecuted.
There is nothing in the record which would justify a reversal of so much of the decree as nullified the will. There was no motion for a new tria!, and con-sequentiy it does not appear on what evidence the jury found against the will. They may have had evidence which would be satisfactory to us, if it were reported to us. The evidence in the record is by no means sufficient-to invalidate the will. And the jury may, possibly, have fallen into the error of the defen* dants m error, that proof by one subscribing witness, was insufficient. That this opinion is erroneous, has been more than once decided by this court. The statute requires the attestation of two witnesses; but it is silent as to the mode of proving the fact, that two witnesses did attest. Plence, according to common law principles, one witness may prove that fact, just as one witness to a bond may prove that it was attested by himself and others. We do not know, however,,that the jury did not decide by an inspection of the original will.
But as it does not appear what facts were before the jury, this court cannot reverse the decree affirming their verdict, especially as there was no motion for a new trial. See the 11th section of the act of 1797, II. Digest, 1244, which declares that, in such cases, “the verdict shall be final between the parties, saving to the court a power of granting a new trial.” So much £>f the decree, therefore, is affirmed, as sets aside the will.
Ño proof of fraud or mal-administration, or that adm’r. used, or loaned money of estate, he should not be charged ■tfith'iiitemf, until after proper demand, for distribution.
And he should have some allowance for his services.
But there áre errors in the decree for which it musí bé reversed.
1st. It can scarcely be doubted, from the proof, that the 50 acre tract, which, it appears, old Joseph Hall had conveyed to his son James, was not intended as an advancement, but was a compensation for the trouble and expense of taking care of, and maintaining the old man and his wife; and the testimony would leave room to doubt whether it was an adequate recompence. Wherefore, James is entitled to tm equal share in the partition of the 150 acres.
2d. The testimony will not warrant the inference, that Joseph Hall had more than ‡100 of his father’s riioney in his hands, unless the $>‘50 borrowed from his mother, be considered as the old man’s; and then the aggregate would not exceed $1150. If he paid the administrator $>37 50 of this sum, he should not be held responsible tor more than the residuum, with its proper interest. However, the amount with which he is to be charged, cannot exceed $>150, and interest upon it from the time when it was received. That which was received from the old man, was received about two years before his death. The loan by the old lady, was about two years after the date ot the other.
3d. As there is no proof of any fraud or maladministration by William Hall, he ought not to he charged with interest, and should be allowed some compe'isation for his services; as the will had been established in the county court, it was necessary to appoint an administrator, with the will annexed. There is no proof of even allegation, that William Hall had any agency in the alleged forgery, or in proving the will, or that he had been guilty of any impropriety in his official conduct, or had used or loaned the money in his hands. Like any other administrator, therefore, he should not be held accountable for interest until a proper demand for distribution; and it would seem just, that he should have some allowance for his services. His accounts should be settled as those of any other administrator, and it would be expedient to refer them to a commissioner to audit and report upon luem.
Denny, for plaintiffs; Wickliffe, for defendants-.
Wherefore, the decree of the circuit court is re■versed and the cause remanded, for proceedings con-oistentwith this opinion, and'such final decree as shall be just, according to the principles herein established.
The parties respectively, must pay their^own costs in this court.